**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

BERT RULE                                           CIVIL ACTION NO. 23-1664

VERSUS                                              JUDGE S. MAURICE HICKS, JR.

WAL-MART LOUISIANA, LLC                             MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment (Record Document 18) filed by Defendant Wal-Mart Louisiana, LLC ("Wal-Mart"). Wal-Mart seeks dismissal with prejudice of Plaintiff Bert Rule's ("Rule") claims, which arise out of an alleged during which a bicycle fell off a merchandise rack and onto Rule. Wal-Mart maintains Rule cannot satisfy his burden of showing that Wal-Mart's negligence, and not his own actions, caused the bicycle to fall. See Record Document 18. Rule opposes the motion, arguing that because the bicycle was stored in a precarious manner and there were no employees available to assist him, it was Wal-Mart's negligence that caused the bicycle to fall. See Record Document 20. For the reasons set forth below, Wal-Mart's motion is **DENIED**.

**BACKGROUND**

This lawsuit arises out of an alleged incident of "falling merchandise" that occurred in a Wal-Mart store in Sabine Parish, Louisiana on April 3, 2022. See Record Document 1-2 at 1. Rule alleges that while he was a patron at the store, he sought to purchase a bicycle that was located on the top display rack. See Record Document 18-2 at 6, 8. Rule and his companion, Yvonne Britt ("Britt"), attempted to request assistance retrieving the bicycle for approximately thirty to forty-five minutes. See Record Documents 20-2 at 6 & 20-3 at 3. They went to the customer assistance desk several times and an

announcement went out over the loudspeaker, but at no time did any employee come to help them. See Record Documents 20-2 at 6 & 20-3 at 3-4. After thirty to forty-five minutes passed, Rule stacked two packages of deer corn on top of one another in front of the bicycle rack and climbed on top of those packages to attempt to retrieve the bicycle. See Record Document 20-2 at 7. The bicycle then slipped or fell off the side of the rack and knocked Rule to the floor. See id.

On April 5, 2023, Rule filed a Petition for Damages in the 11th Judicial District Court for the Parish of Sabine, State of Louisiana. See Record Document 1-2. In his Petition for Damages, Rule sought damages for medical expenses, pain and suffering, mental pain and anguish, loss of enjoyment of life, scarring and disfigurement, functional impairment/disability, and lost wages. See id. at 3. Rule claims Wal-Mart negligently failed to "take proper precautionary measures," "warn of the dangerous conditions," "use the care and prudence of a reasonable person," and to respond to his requests for assistance retrieving the bicycle. See id. at 2. On November 26, 2023, Wal-Mart removed the case to federal court pursuant to diversity jurisdiction. See Record Document 1.

In Wal-Mart's Motion for Summary Judgment, it contends that Rule fails to establish that he did not cause the merchandise to fall as required in Louisiana "falling merchandise" cases. See Record Document 18-3 at 5. Wal-Mart also briefly argues that Rule fails to establish its alleged negligence caused the bicycle to fall. See id. at 8. Rule opposes the motion, arguing that he had no choice but to use the deer corn to reach the bicycle because no Wal-Mart employees responded to his requests for help retrieving the item. See Record Document 20 at 7. Wal-Mart replied, arguing that the fact that no employee came to Rule's aid is immaterial. See Record Document 21 at 2-3. Further,

Wal-Mart points to testimony from Britt that both Rule and Britt attempted to climb onto the shelves to retrieve the bicycle before seeking assistance. See id. at 3.

## LAW AND ANALYSIS

### I.      Summary Judgment Standard

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; see also Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). In applying this standard, the Court should construe "all facts and inferences in favor of the nonmoving party." Deshotel v. Wal-Mart La., L.L.C., 850 F.3d 742, 745 (5th Cir. 2017); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). As such, the party moving for summary judgment bears the burden of demonstrating that there is no genuine dispute of material fact as to issues critical to trial that would result in the movant's entitlement to judgment in its favor, including identifying the relevant portions of pleadings and discovery. See Tubacex, Inc. v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995). Courts must deny the moving party's motion for summary judgment if the movant fails to meet this burden. See id.

If the movant satisfies its burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." Id. (citing Celotex Corp., 477 U.S. at 323). In evaluating motions for summary judgment, courts must view all facts in the light most favorable to the nonmoving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no genuine issue for trial—and thus, a

grant of summary judgment is warranted—when the record as a whole "could not lead a rational trier of fact to find for the non-moving party." Id.

## II.     Louisiana Merchant Liability Statute

In a diversity case such as this one, federal courts apply substantive state law. See Moore v. State Farm Fire & Cas. Co., 556 F.3d 264, 269 (5th Cir. 2009); Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). Accordingly, liability in this case is governed by the Louisiana Merchant Liability Statute ("LMLS"), La. R.S. 9:2800.6. Section 2800.6 imposes a duty of care on a merchant to those lawfully on its premises "to keep the premises free of any hazardous conditions which reasonably might give rise to damage." La. R.S. 9:2800.6(A).

Louisiana courts have held that a merchant's duty encompasses the responsibility on the part of store employees to place merchandise safely on shelves such that the merchandise will not fall, to safely replace merchandise that has been moved, and to check shelves periodically to ensure merchandise is in a safe position. See Smith v. Toys "R" Us, Inc., 98-2085 (La. 11/30/99), 754 So. 2d 209, 215. A plaintiff injured by falling merchandise must present, by direct or circumstantial evidence, a prima facie case that a premises hazard existed by demonstrating:

> (1) he or she did not cause the merchandise to fall, (2) that another customer in the aisle at that moment did not cause the merchandise to fall, *and* (3) that the merchant's negligence was the cause of the accident: the customer must show that either a store employee or another customer placed the merchandise in an unsafe position on the shelf or otherwise caused the merchandise to be in such a precarious position that eventually, it does fall. Only when the customer has negated the first two possibilities and demonstrated the last will he or she have proved the existence of an "unreasonably dangerous" condition on the merchant's premises.

4

Davis v. Wal-Mart Stores, Inc., 2000-445, p. 6 (La. 11/28/00), 774 So. 2d 84, 90 (emphasis in original). "Once a plaintiff proves a prima facie premise[s] hazard, the defendant has the burden to exculpate itself from fault by showing that it used reasonable care to avoid such hazards by means such as periodic clean up and inspection procedures." Id.

### III.    Analysis

The parties' briefings focus on whether the bike fell because Rule touched the bike, implicating the first Davis element. Wal-Mart argues that Rule cannot carry his burden as to this first element because his actions of standing on two bags of deer corn to retrieve the bike, without the help of any Wal-Mart employee, caused the bike to fall. See Record Document 18-3 at 8. In response, Rule contends that he satisfies the first Davis element because the item was stored in a precarious manner and he was forced to retrieve the bike by himself because of Wal-Mart's self-service model and the store employees' lack of response to his requests for assistance. See Record Document 20 at 7.

After a thorough review of the summary judgment record, including depositions and applicable law, the Court finds summary judgment improper. Rule did, in fact, climb onto a makeshift step stool and attempt to remove the bike from the hook. However, a question of fact remains as to whether the bike fell because of the way Rule removed the bike or because the bike was stored in a precarious manner.

Wal-Mart points to Goines v. Cash America, Inc. of Louisiana, 21-727 (La. App. 5 Cir. 10/5/22), 351 So. 3d 714, as instructive, essentially arguing that because Rule admits he physically picked up the bike, he caused it to fall. The Goines plaintiff was looking at a display case when his head touched a crossbow hanging from a ceiling rack. The crossbow fell from the rack and struck the plaintiff. See id. at 715. Plaintiff admitted that

5

his head touched the crossbow and testified that he did not know if the crossbow would have fell but for his head touching it. See id. at 717. The Court found that plaintiff failed to meet his burden of showing that he did not cause the crossbow to fall because he failed to put forth any evidence to show he did not cause the crossbow to fall nor to show that the crossbow was placed in a precarious position. See id. at 718.

But Goines is distinguishable from the instant case. It is true that here, too, Rule admits he took the physical action that led to the bike falling, that is, he admits he picked the bike up off the rack. However, Louisiana courts have denied summary judgment based on the first and third elements even where a plaintiff admits that they physically moved the item. See, e.g., Stepherson v. Wal-Mart Stores, Inc., 34-547, p. 6 (La. App. 2 Cir. 4/4/01), 785 So. 2d 950, 956 (affirming summary judgment for plaintiff who was injured when she placed a dumbbell back on a shelf with no restraints and the dumbbell rolled off onto her foot, reasoning that the "manner of displaying the[] weights created an unreasonable risk of harm that could have been easily remedied"); Bazar v. Home Depot U.S.A., Inc., No. 10-CV-039, 2010 WL 11575046, at *2 (M.D. La. June 9, 2010) ("Even though [plaintiff] removed [an item] prior to others falling, the trier of fact must determine the cause or causes of the accident."). This is because even where a customer takes a physical action that causes merchandise to fall, the merchant remains liable if the shelving and storage procedures are unreasonably dangerous based on the reasonably foreseeable behaviors of customers.

Further, unlike the Goines plaintiff, Rule does contend that the bike was placed in a precarious position that caused it to fall. When asked about the cause of the fall, Rule testified, "The best I remember, the bike fell on me and this bike fell off, went off the side

of the – I don't remember [the deer corn bags] shifting." See Record Document 18-2 at 11. In other words, Rule maintains that it was the way the bike was stored, and not the way he attempted to retrieve the bike, that caused the bike to fall.

The facts of the instant case more closely resemble those in Harris v. Tractor Supply Co., 2023-0337 (La. App. 1 Cir. 10/30/23), 377 So. 3d 726, writ denied, 2023-01489 (La. 1/17/24), 377 So. 3d 245. In Harris, whether the plaintiff's action or defendant's negligence caused merchandise to fall was again at issue. Plaintiff was shopping for a saddle rack box, which weighed approximately forty pounds and was only available on a seven-foot-high shelf. See id. at 736. Plaintiff "attempted to get assistance from store employees" by looking to see if any employee was nearby either end of the aisle but did not see any employees. See id. There was no sign instructing plaintiff to ask for assistance before retrieving merchandise on higher shelves. When plaintiff attempted to move the box to see the price, the box fell on him. Id.

The Harris court denied summary judgment, reasoning that "[r]easonable persons could disagree as to whether the plaintiff, the defendant, or both could be a cause for the saddle rack box to fall." Id. While plaintiff did physically move the saddle box, the merchant "ha[d] a duty to safely shelve or display its merchandise to include the foreseeable removal and replacement of the goods by its customers" such that the saddle box placement was unreasonably dangerous. See id. (citing Stepherson, 785 So. 2d at 954).

Harris is directly applicable. Here, too, Rule alleges the bike was not safely shelved. According to his Opposition, Wal-Mart's self-service model means it should expect its customers to remove merchandise. See Record Document 20 at 7. Further, Rule argues that he waited thirty to forty-five minutes for someone to help him retrieve

the bike—a far longer time than the <u>Harris</u> plaintiff's quick scan for a nearby employee. <u>See</u> Record Documents 20-2 at 6 & 20-3 at 3-4. Rule essentially alleges that his removal and replacement of the merchandise was foreseeable by Wal-Mart such that it was the manner of the storage, and not his physical movement of the bike, that caused the bike to fall.

Wal-Mart's briefs and evidence largely focus on Rule's decision to stack and stand on several bags of deer corn to retrieve the bicycle. Wal-Mart submitted with its Motion for Summary Judgment a Wal-Mart employee's[1] affidavit stating that based on photographs taken several days after the incident, "[t]he bicycles were properly attached to the overhead racks and were properly displayed." <u>See</u> Record Document 18-2 at 17. The employee also stated she "reviewed store records and could find no reports . . . of any similar incidents where a customer created a makeshift stepstool to use to retrieve a bicycle from an overhead rack." <u>See id.</u> However, the photographs were not taken of the bicycle racks until several days after the alleged incident. <u>See id.</u> Further, the employee's search for similar incidents was limited to those involving "makeshift stepstool[s]," and therefore neglected to include other incidents of bicycles falling off the top racks. <u>See id.</u>

While the *method* Rule used to retrieve the bike may be questionable or unpredictable, Wal-Mart should have anticipated a customer would try to retrieve the bike in some way. There are no facts before the court indicating that Rule was told to wait for an employee before retrieving a bike nor that there was any sign indicating Rule should ask for assistance before retrieving it. And where a merchant expects its customers will

---

[1] The affidavit specifies that the affiant "held the position of APA of the Wal-Mart Supercenter," but does not provide the full job title or responsibilities for the employee.

remove merchandise, a merchant can be negligent for failing to take "appropriate measures to prevent . . . foreseeable accident[s]." See Bazar, 2020 WL 11575046, at *2; see also King v. Toys "R" Us-Del., Inc., 35-461, p. 7 (La. App. 2 Cir. 1/23/02), 806 So. 2d 969, 974 ("[E]mployees were admittedly aware that customers and children would touch or lean on shelves to look at the merchandise and this behavior should have been considered by the defendant in the exercise of reasonable care with respect to shelving the products."); Lapeyrouse v. Wal-Mart Stores, Inc., 98-547, p. 7 (La. App. 5 Cir. 12/16/98), 725 So. 2d 61, 65, writ denied, 99-0140 (La. 3/12/99), 739 So. 2d 209 (affirming finding of damages for plaintiff who was injured by merchandise where the manner of stacking the merchandise on the shelves could "obviously cause the objects to fall when one is selected").

In sum, the Court finds a factual dispute exists regarding whether Wal-Mart's negligence caused the bicycle to fall. There is evidence that the bike was stacked on a high shelving unit out of Rule's reach. There is evidence that Rule and Britt unsuccessfully sought assistance retrieving the bicycle for thirty to forty-five minutes before retrieving it themselves. Rule maintains that the reason the bicycle fell on top of him is because it slipped off the side of the bicycle rack. Viewing these facts in a light most favorable to Rule, the bicycle fell onto him when he took the foreseeable action of attempting to remove merchandise from the shelf. A merchant's duty to keep its premises free of hazardous conditions includes not only placing the merchandise safely on its shelves, but also checking shelves periodically to ensure merchandise is in a safe position and does not present an unsafe condition. See Smith, 754 So.2d at 215. A reasonable jury could find the bicycle was stored in an unreasonably safe manner for customers to retrieve.

Accordingly, Rule has presented evidence showing a genuine dispute of material fact exists regarding whether the condition of the bicycle presented an unreasonable risk of harm. Whether Rule ultimately persuades the factfinder on the issue of Wal-Mart's negligence is a question that must await trial.

## CONCLUSION

Based on the foregoing analysis, the Court finds there is a genuine dispute of material fact warranting trial. Accordingly, Wal-Mart's Motion for Summary Judgment (Record Document 18) shall be **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 11th day of February, 2025.

_____
JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT